**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| R.S. MCCULLOUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 407CV931 SNLJ |
| | ) | |
| TIM FOX, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from

such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). A Court may determine that an action or allegation is "malicious" by referring to objective factors such as the circumstances and history surrounding the filing, the tone of the allegations, and whether probative facts vital to the life of the lawsuit have been alleged. An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id.

at 1951.  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred.  Id. at 1950, 51-52.

## The Complaint

Plaintiff brings this action pro se alleging violations of his civil rights under 42 U.S.C. § 1981, 1983, 1985, in addition to the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq.  In his sixty-two (62) page complaint, plaintiff alleges that he is seeking to secure redress under the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, for "violation of freedom of speech, retaliation for seeking civil rights redress on behalf of plaintiff and others, separation of powers doctrine, discriminatory, arbitrary and capricious acts, to void unconstitutionally vague rules and other tort law concepts, including common law concepts."

Plaintiff is a resident of Pulaski County, Arkansas, and brings this action against the State of Arkansas and several state employees, including:  (1) the Honorable Tim D. Fox, Circuit Judge in the Sixth Judicial District of Arkansas, which includes Pulaski County; (2) Pat O'Brien, the Clerk of Court in the Sixth Judicial District; (3) the

Honorable Tom Glaze, Justice, Arkansas Supreme Court;[1] (4) the Honorable Robert Brown, Justice, Arkansas Supreme Court; (5) the Honorable James Hannah, Justice, Arkansas Supreme Court; (6) the Honorable Annabelle Clinton Imber, Justice, Arkansas Supreme Court; (7) the Honorable Donald Corbin, Justice, Arkansas Supreme Court; (8) the Honorable Jim Gunter, Justice, Arkansas Supreme Court; and (9) Charles Holladay, Sheriff of Pulaski County.  Plaintiff also names as defendants Gary Moran and Entropy, who are the purported purchasers of plaintiff's house and the "ones that applied for a writ of assistance to attempt to extricate plaintiff from plaintiff's residence."  Not named as a defendant is plaintiff's prior "mortgage company," who plaintiff states refused to give a proper accounting and statement to support an alleged mortgage deficiency.[2] The Court will do its best to summarize plaintiff's conclusory, generalized, and often rambling allegations as follows.

Plaintiff acquired a house in 1994, pursuant to a mortgage taken out with some unnamed mortgage company, presumably Select Portfolio Services, Inc., the company referred to in the pleadings attached to plaintiff's complaint.  Plaintiff states that at

---

[1]Plaintiff states that the members of the Arkansas Supreme Court have previously been sued by him and are "currently involved in litigation as defendants with plaintiff."

[2] Plaintiff states that he previously filed a civil action against this entity.

some point he "came to an agreement" with the mortgage company to "pay off the note." Plaintiff claims that the agreement detailed that he would make payments "nearly five times the original monthly amount due." Plaintiff claims that he made said payments but "at the last payment," the unnamed mortgage company "tried to assert that it was due more payments." Plaintiff states that "the company threatened to use an archaic and unconstitutional non-judicial foreclosure procedure that Arkansas has, but plaintiff filed suit against the company before any use of the same."[3] Plaintiff has attached a copy of his state court complaint to his pleading. The pleading reveals that plaintiff filed the state court action in July of 2005, relating to a proposed forced sale of his residence on July 12, 2005.

Plaintiff states this his lawsuit was assigned to the Honorable Tim D. Fox, but that defendant Fox "never caused or sent any type of hearing or trial notice to plaintiff." Rather, according to plaintiff, "at some later point, without notice of the like to plaintiff, Fox issued a directive allowing for the sale of plaintiff's residence." From the Court filings attached to plaintiff's complaint, it appears that the Order and Decree of Foreclosure was issued on April 20, 2006, by defendant Fox.

---

[3]The Court believes plaintiff is referring to the case of <u>McCullough v. Select Portfolio Services, Inc.</u>, No. 05-9186 (Cir. Ct. Pulaski Cnty).

Defendant O'Brien allegedly conducted the "Clerk's sale" per Fox's directives, and defendants "Moran or Entropy, Inc. [are] alleged to have purchased at the sale."

Plaintiff states that after learning of the sale of his residence, he moved for a hearing in front of defendant Fox to address the purportedly constitutional problems with "process." Plaintiff claims that defendant Fox failed to provide him with a hearing, and as a result, plaintiff filed a notice of appeal, which plaintiff states was assigned to the Arkansas Court of Appeals.[4] Plaintiff claims that he additionally "fought for and received a stay during the appeal." Presumably, the stay which plaintiff references was a stay of the sale of his property. Plaintiff asserts that despite the Circuit Court having "lost jurisdiction over the matter," O'Brien "reversed" the stay and "issued a writ" to the Sheriff, defendant Holladay, ordering the removal of plaintiff from his residence, on or about February 20, 2007. Plaintiff states that he was "removed and then restored a few hours later," because the execution of the writ was improper. Plaintiff claims that a "stay" (presumably relating to the sale of the property) was then issued by the Appellate Court. Plaintiff claims that a ruling was then issued by the Supreme Court of Arkansas (rather than the Court of Appeals), which was "adverse" to plaintiff. However, later in his complaint, plaintiff claims that

---

[4]The Court believes plaintiff is referring to the case of <u>McCullough v. Select Portfolio Services, Inc.</u>, No. CA07-115 (Ark. Ct. App.).

-6-

his "appeal is still pending at the Court of Appeals for Arkansas, but due to the current efforts and lack of affirmative action, plaintiff is faced with the prospects of the sheriff returning to remove plaintiff from his residence."

Attached to plaintiff's complaint are copies of a myriad of documents from other state court actions initiated by plaintiff regarding the aforementioned facts. In addition to these documents, plaintiff has filed a number of motions seeking, among other things, an injunction prohibiting the foreclosure and sale of his residence. Plaintiff also appears to be under the mistaken impression that he removed a case **he** initiated in state court, McCullough v. SPS, No. CV2005-9186-Pulaski County Circuit, into the present action. Plaintiff seems unaware that he cannot remove his own action to federal court. See, e.g., Scott v. Communications Services, Inc., 762 F.Supp. 147 (S.D. Tex 1991) (the pleading by the original defendant of a counterclaim does not put the original plaintiff in the position of a defendant so as to entitle him or her to remove the case); see also, Carlton v. Withers, 609 F.Supp. 146 (M.D. La. 1985); Estate v. Citizens Nat. Bank of Evansville, 563 F.Supp. 424 (N.D. Miss. 1983). In light of his "attempted removal," plaintiff has filed several motions for contempt seeking to hold defendant Fox, an individual named Keith Morrison, an individual named Andrew L.

Clark,[5] defendant O'Brien, and defendant Holladay, in contempt for continuing to review/pursue the case in state court and remove plaintiff from his property.[6]

Lastly, the Court notes that the case was stayed during the pendency of plaintiff's bankruptcy proceedings.[7] On July 23, 2009, the Court was informed by the Honorable James G. Mixon, United States Bankruptcy Judge, that the Trustee had entered an Order of Abandonment with regard to plaintiff's action, that the discharge had been entered and the provisions of the stay had been terminated by operation of law pursuant to 11 U.S.C. § 362(c)(1) and (2)(C). Accordingly, it is now appropriate for this Court to review plaintiff's action under § 1915.

## Discussion

The circumstances and history surrounding the filing of this action demonstrate that the complaint is legally malicious. Spencer, 656 F. Supp. at 463. Although plaintiff insists his claims show some sort of violation of his civil rights, it is apparent

---

[5] It appears that Mr. Morrison and Mr. Clark are counsel of record for Select Portfolio Services, Inc. See Docket No. 29 and 31.

[6] As plaintiff cannot remove his own action to federal court, let alone remove a state court action directly into an existing federal court action, plaintiff's motions for contempt will be summarily denied. Plaintiff is advised that his attempted removal of McCullough v. SPS, No. CV2005-9186-Pulaski County Circuit was improper and does not preclude defendants from continuing to litigate this action in state court.

[7] In Re Reginald McCullough, 4:08BK10095 (E.D. Ark).

that plaintiff is largely attempting to relitigate the claims that were adjudicated against him in his previous state court cases, namely, plaintiff seeks the return of the property he lost in foreclosure. Plaintiff is barred from relitigating those claims because of the doctrine of res judicata. Moreover, the circumstances of the filing and the tone of the allegations demonstrate that plaintiff is attempting to punish those persons involved with the previous litigation, including the judges who purportedly ruled against him, the Clerk of Court who authorized the sale of his residence, the Sheriff who attempted to evict him from his home, and the buyers of the residence at the judicial sale. The Court therefore finds that this action has been filed for an improper purpose, and the Court is required to dismiss this action as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B).

Additionally, the Court finds that several of plaintiff's allegations are frivolous and generally fail to state a claim upon which relief may be granted. For example, plaintiff's complaint is legally frivolous as to Judges Fox, Glaze, Brown, Hannah, Danielson, Imber, Corbin, and Gunter, as they are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003) (quoting Mireless v. Waco, 502 U.S. 9, 11-12 (1991); Stump v. Sparkman, 435 U.S. 349 (1978). Although plaintiff appears to be arguing that these judges all engaged in some sort of civil conspiracy to

violate his rights, he has not included any factual allegations to show a "meeting of the minds" concerning unconstitutional conduct. See Mershon v. Beasely, 994 F.2d 449, 451 (8th Cir. 1993) (noting that there must be something more than the summary allegation of conspiracy).

Additionally, plaintiff's claims against the State of Arkansas are barred by the Eleventh Amendment, which bars a citizen from bringing suit in federal court against a state, a state agency, or a state official sued in his official capacity for monetary damages which must be paid from public funds in the state treasury. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).

Several of plaintiff's claims are also subject to dismissal because they are made up of nothing more than generalized and conclusory allegations. Although "[c]ivil rights pleadings should be construed liberally, at the very least, however, the complaint must contain facts which state a claim as a matter of law and must not be conclusory." Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995). Plaintiff's generalized and conclusory statement that he was discriminated against on the basis of his **unidentified** disability are subject to dismissal as this theory is completely devoid of any factual allegations concerning the claim. Similarly, plaintiff's bald assertions that his First Amendment rights were violated, and that he was subjected to retaliation "for

seeking civil rights redress" lack the necessary factual allegations to survive § 1915 review.

Under Arkansas law, the doctrine of official immunity shields public officers and state officials from civil liability for injuries arising out of their discretionary acts, functions, or omissions performed in the exercise of their official duties. Ark.Code Ann. § 19-10-305. Generally speaking, discretionary acts are those acts involving the official's exercise of reason in developing a means to an end, and the employment of judgment to determine how or whether an act should be performed or a course pursued. However, official immunity does not apply where the official's discretionary act was undertaken in bad faith or with malice. Fegans v. Norris, 89 S.W.3d 919 (Ark. 2002) (a bare allegation of willful and wanton conduct will not suffice to prove malice necessary to overcome statutory immunity of state officers and employees); Okruhlik v. University of Arkansas, 255 F.3d 615 (8th Cir. 2001). There is no allegation that defendants O'Brien or Holladay acted in bad faith in following the sale orders entered by the Court, or in ejecting plaintiff from his residence. See Martin v. Hendren, 127 F.3d 720 (8th Cir. 1997) (noting that a judge's absolute immunity extends to public officials for acts they are specifically required to do under court order or at a judge's direction); Chambers v. Stern, 994 S.W.2d 463 (Ark 1999); see also, Thompson v. Baker, 133 F.Supp., 247 (D.C. Ark. 1955) (recognizing that a writ of process, valid on

its face, affords complete protection to a sheriff, constable, or other ministerial officer from liability for any proper or necessary acts done in executing such writ of process).

Moreover, plaintiff has not stated a claim against the purported buyers of his property, defendants Moran and Entropy, as he has not alleged that these defendants were state actors or that there was a "meeting of the minds" between Moran and Entropy and any state actors, which violated plaintiff's rights. See Johnson v. Outboard Marine Corp., 172 F.3d 531, 536 (8th Cir.1999) (noting that "private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law" and to state a claim against a private actor under § 1983, a plaintiff "must establish, at the very least, an agreement or meeting of the minds between the private and state actors, and a corresponding violation of the plaintiffs' rights under the Constitution or laws of the United States"). Simply put, there is "nothing in the language of the Due Process Clause [which] requires the State to protect the life, liberty, and property of its citizens against invasion by private actors." DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189, 195 (1989)

Lastly, this Court notes that much of what plaintiff is seeking is a review of adverse state court holdings. Federal district courts are courts of original jurisdiction; they lack subject matter jurisdiction to engage in appellate review of state court

decisions. <u>Postma v. First Fed. Sav. & Loan</u>, 74 F.3d 160, 162 (8th Cir. 1996). "Review of state court decisions may be had only in the Supreme Court." <u>Id</u>.

In consequence, the Court will order this action dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #1] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's pending motions are **DENIED**.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this  9th   Day of September, 2009.

_/s/ Stephen N. Limbaugh, Jr._
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE